# Wytheville

ST. STEPHEN'S EPISCOPAL CHURCH AND OTHERS V. MORRIS'
ADMINISTRATOR AND OTHERS.

June 12, 1913.

Absent, Keith, P.

1. WILLS—*Devise to Church—Legal Beneficiary—Enforcement in
   Equity.*—While a church cannot take real estate by devise, under
   the statute law of this State, if property be devised to a church
   for a specific, definite, legal purpose, such as the erection of a
   memorial to a deceased relative, the church is not the beneficiary
   but a bare trustee, holding the property for the object named,
   and the devise is valid, and if for any reason the church cannot
   administer the trust through the medium of its agencies, a court
   of equity will administer it, on the principle that a court of
   equity will never permit a trust to fail for want of a trustee.
2. WILLS—*Devise to Church and Others—Personality for Benefit of
   Church—Case in Judgment.*—When an estate, consisting of real
   and personal property, but chiefly personal estate, is devised and
   bequeathed to a church with directions to apply one half of the
   estate to the erection of a designated memorial, and $600 of the
   residue to the purchase and erection of certain specified tomb-
   stones, inasmuch as a church cannot take real estate by devise
   under the laws of this State, a court of equity, in furtherance of
   the purposes of the testator, will discharge the interest of the
   church under the will, from that portion of the estate which it
   can take without objection, and devote the real estate or its pro-
   ceeds to building the memorial and buying the tombstones,
   which is not an illegel intent and violates no law. It is not the
   policy of the law to seek grounds for avoiding devises and
   bequests, but rather to deal with both so as to uphold and en-
   force them if it can be done consistently with the rules of the
   law.

Appeal from a decree of the Circuit Court of Culpeper
county. Decree for the complainants. Defendants appeal.

*Reversed.*

The bill in this cause was filed by the heirs of the testator against St. Stephen's Episcopal Church, and the rector, vestry and trustees of that church, and seeks to have the will of the testator declared null and void in so far as it attempts to pass the real estate of which the testator died seized and possessed to the Episcopal Church (St. Stephen's) of Culpeper.

*Moore, Barbour, Keith & McCandlish* and *Hiden & Thurlow,* for the appellants.

*Waite & Perry, R. A. Bickers,* and *Grimsley & Miller,* for the appellees.

HARRISON, J., delivered the opinion of the court.

W. C. Norris, of Culpeper county, died unmarried and without issue on the 11th day of May, 1909, leaving a will dated June 30, 1896. This will disposes of the testator's real and personal estate as follows:

"I have $22.42 on my person and $315.50 in bank. If I die, I leave everything, real and personal, to the Episcopal Church (St. Stephen's) of Culpeper, they to allow me sepulcher in churchyard, and also my sister, who is to be brought from Catonsville, Md.; $600.00 is to be devoted to buying six tombstones for my mother, father and self and sister and two aunts, an account of whose birth, death, &c., will be found in my Bible, which has my name on the back in guilt letters. I desire half of my property to be devoted to putting a brick or iron fence around the churchyard, with an inscription stating it to be in memory of my sister, Annie E. Norris."

Between the date of this will and the date of the testator's death he had converted the most valuable portion of his real estate into personal property, so that at the time

of his death very much less than half of his estate remained
in the form of realty.

The heirs at law of the deceased attack the validity of
that portion of the will which disposes of the real estate,
upon the ground that the church cannot take and hold real
estate by devise, being prohibited from so doing by the
provisions of section 1398 of the Code of 1904.

It is not denied that under the statute invoked the
church cannot take and hold a devise to it of real estate.
The testator does not, however, as contended, leave his
entire estate as a gift to the church.  It is true that in
the beginning of his will the testator says, "I leave every-
thing real and personal to St. Stephen's Episcopal Church,"
but when the will is read as a whole, and the intention
of the testator is ascertained from the language used, it
is plain that he did not leave the whole estate as a gift
to the church, for in clear and unequivocal terms he dedi-
cates one-half of his estate to be used for the erection of
a fence around the churchyard, which is to have an in-
scription thereon showing that it is a memorial to his
deceased sister, and further appropriates $600.00 of his
estate for the purchase of tombstones for himself and cer-
tain other members of his family.  There can be no ques-
tion that the testator could lawfully dedicate the whole or
any part of his estate, even though it consisted entirely
of realty, to the erection of this memorial and the purchase
of the tombstones mentioned.  As to that portion of the
estate dedicated to these purposes, the church is not the
beneficiary, but a bare trustee, holding the same for the
objects named, and if for any reason the church through
its agents could not administer the trust, the court would
administer it and accomplish the purposes of the testator,
it being well settled that a court of equity will not permit
a trust to fail for the want of a trustee.

The will is not expressed in an artificial manner.  Its

plain meaning, however, is that the testator gives one-half of his estate to the erection of the fence as a memorial to his deceased sister, $600 thereof for the purchase of tombstones for himself and other members of his family, and the residue of the estate is given to the church. The disposition made of the estate necessarily involves an equitable conversion of the real estate left into money, otherwise the purposes of the testator could not be effectuated; but, if this were not so, there would be no violation, in this case, of the statute inhibiting a church from taking a devise of real estate. Much the greater portion of the estate left was personal property, and a court of equity, in furtherance of the purposes of the testator, would discharge the interest of the church, under the will, from that portion of the estate which it could take without objection, and devote the real estate, or its proceeds, to building the memorial and buying the tombstones, which was not an illegal intent and violated no law.

Every sane man must be allowed to make his own will, provided he violates no law or public policy in disposing of his estate. It is not the policy of the law to seek grounds for avoiding devises and bequests, but rather to deal with both so as to uphold and enforce them if it can be done consistently with the rules of law.

As Lord Hardwick said: "The bequest is not void and there is no authority to construe it to be void, if by law it can possibly be made good." Perry on Trusts, sec. 709.

It is plain that the manifest purpose of this testator, in the case at bar, can be carried out and his estate appropriated as he directed without violating in any respect the provisions of the statute inhibiting a church from taking real estate by devise. We are, therefore, of opinion that the circuit court erred in so construing the will under consideration as to give the real estate passing thereunder to

the heirs at law of the testator, thereby diminishing, to that extent, the fund dedicated by the testator to the erection of a memorial to his deceased sister.

The decree appealed from must be reversed and the cause remanded for further proceedings therein not in conflict with the views expressed in this opinion.

*Reversed.*